# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of County of Windsor    }    Docket No. 88-5-03 Vtec
                               }
                               }
                               }
                               }

Decision and Order on Village= s Motion to Dismiss

Appellant County of Windsor appealed from a decision of the Planning Commission of the Village of Woodstock, granting site plan approval for conversion of the former correctional facility at 62 Pleasant Street to use as a courthouse and for offices for the Probate Court, and for the sheriff= s office, including secure parking of the sheriff= s office= s vehicles. Appellant-Applicant is represented by Martha M. Davis, Esq.; the Village is represented by Todd C. Steadman, Esq. The Village has moved to dismiss the appeal as untimely.

It is important for the parties and the Court to understand the procedural history of the actions of each of the municipal bodies or officials in this matter.

The proposal obtained conditional use approval from the Zoning Board of Adjustment on March 13, 2003. That decision was not appealed and became final.

The proposal obtained site plan approval from the Planning Commission on April 16, 2003, in a written decision of the Planning Commission internally dated that date, which was received by the Assistant Judges for the County of Windsor on or about April 22, 2003. This site plan approval decision contained two conditions which the County wishes to contest: that the fence as it currently exists (and has existed since 1977) be taken down; and that any future fencing for the sheriff= s office vehicles be submitted to the Planning Commission for future site plan approval.

The Zoning Administrator issued a zoning permit on April 22, 2003, containing the same conditions as those in the Planning Commission decision. The Assistant Judges also received the zoning permit on or shortly after April 22, 2003.

On or about May 21, 2003, Assistant Judge Boardman called the Environmental Court to inquire about how to file an appeal of a planning commission decision. He was informed that the appeal period was 30 days, and that the notice of appeal should be filed at the municipal body appealed from. This is correct information regarding the requirements for appealing from a decision of a planning commission.

The Assistant Judges filed the following notice of appeal internally dated May 21, 2003, by delivering it on May 21, 2003 to the Zoning Administrator:

The Assistant Judges of Windsor County, Kenneth Cooper and William Boardman, hereby give notice that Windsor County appeals the decision of the Woodstock Village Planning Commission, #V-2050-03, in particular conditions #5 and #7, dated April 22, 2003.

The route of appeal does not depend upon whether the action appealed from is called a > decision,= an > approval,= or a > permit.= Rather, it depends on what body or official issued the action from which the appeal is taken.

Vermont=s zoning statute does not provide for a direct appeal of any action of a Zoning Administrator, such as the issuance of a zoning permit, directly to Environmental Court. Rather, such an action of a zoning administrator must be appealed within 15 days to the Zoning Board of Adjustment (or development review board in municipalities that have created a consolidated board). 24 V.S.A. ' 4464(a). Thus, the zoning permit was not appealed and became final on May 8, 2003, well before the Assistant Judges= inquiry to the Environmental Court about how to appeal a Planning Commission decision. Even if they had asked on May 21, 2003, about appealing a zoning permit, it would have already been too late for them to have filed that appeal.

Therefore, all that could be before the Court in this case is their appeal of the Planning Commission=s decision. As a practical matter they may wish to consider whether they wish to proceed with that appeal, since the zoning permit is final whatever the outcome of that appeal. Material facts are in dispute as to the circumstances of their receipt of the Planning Commission appeal, and therefore the Court will not now rule on the timeliness of the appeal. We will hold a telephone conference to determine whether the parties wish to present further evidence or argument on the timeliness of the appeal of the Planning Commission decision, or wish to proceed to the merits of that appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Village=s Motion to Dismiss the County=s appeal of the Planning Commission decision is denied, but that the County has not made a timely appeal of the Zoning Permit.

Done at Barre, Vermont, this 11th day of September, 2003.


_____
Merideth Wright
Environmental Judge